UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| KEVIN BROWN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:09-cv-00059-JAW |
| HARTT TRANSPORTATION, SYSTEMS, INC., | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S RECOMMENDED DECISION**

Kevin Brown, a former employee of Hartt Transportation Systems, Inc., (Hartt) suffered two heart attacks while he was Hartt's Director of Sales. While on a medical leave of absence, Mr. Brown learned that he had been reassigned and was no longer Director of Sales. Three weeks after his return, Hartt fired Mr. Brown. Mr. Brown claims Hartt violated state and federal law by failing to reinstate him to the same or a similar position upon his return to work, discriminating against him because of his disability, and retaliating against him for taking medical leave. The Court concludes that there is a genuine issue of material fact on all these issues. The Court affirms the Magistrate Judge's Recommended Decision and denies Hartt's Motion for Summary Judgment except as regards the Rehabilitation Act claim.

I.  FACTS

   A.  **Procedural History**

Mr. Brown's Complaint against Hartt alleges discriminatory demotion and termination in violation of the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973 (Rehabilitation Act), and the Maine Human Rights Act (MHRA); failure to reinstate to the same or an equivalent position upon completion of medical leave in violation of the Family Medical Leave Act (FMLA) and the Maine Family Medical Leave Requirements law (MFMLR); retaliatory demotion and termination for having taken medical leave in violation of the FMLA and the MFMLR; and failure to provide a complete copy of his personnel file in violation of Chapter 7 of the Maine Employment Practices Act. *Complaint* at 1 (Docket # 1) (*Compl.*)

On February 16, 2010, Hartt moved for summary judgment on all claims except the Maine Employment Practices Act claim. *Id.* at 12; *Def.'s Mot. for Summ. J.* at 21 (Docket # 22) (*Def.'s Mot.*). Mr. Brown filed his opposition on March 23, 2010. *Pl.'s Opp'n to Def. Hartt Transportation's Mot. for Summ. J.* (Docket # 42) (*Pl.'s Opp'n*). The Court referred the motion to the Magistrate Judge for a recommended decision. On April 28, 2010, in a thorough and careful opinion, the Magistrate Judge filed her Recommended Decision in which she recommended that the Court deny summary judgment on those counts arising under the ADA, MHRA, FMLA, MFMLR, and grant summary judgment on Count II, the Rehabilitation Act claim.[1] *Rec. Dec.* at 39 (Docket # 50) (*Rec. Dec.*).

---

[1] The Rehabilitation Act applies only to federal agencies, contractors and recipients of federal financial assistance. *Def.'s Mot.* at 16. Mr. Brown concedes that because Hartt does not meet these requirements, Hartt's motion for summary judgment against Count II should be granted. *Pl.'s Opp'n* at 2 n.2. The Court agrees.

2

On May 17, 2010, Mr. Brown and Hartt filed objections to the Recommended Decision. *Def.'s Objs. to Recommended Dec. on Def.'s Mot. for Summ. J.* (Docket # 53) (*Def.'s Objs.*); *Pl.'s Limited Objs. to Magistrate Judge's Recommended Dec.* (Docket # 54) (*Pl.'s Objs.*). On June 6, 2010, Mr. Brown filed his response to Hartt's objections. *Pl.'s Reply to Def. Hartt Transportation's Objs. to Magistrate Judge's Recommended Dec. Den. Summ. J.* (Docket # 60) (*Pl.'s Reply*). Hartt objects to the Magistrate Judge's use of circumstantial evidence to find a reasonable inference of retaliation and discrimination.[2] *Def.'s Obj.* at 8. Mr. Brown does not object to the Magistrate Judge's recommendation to grant Hartt's Motion for Summary Judgment as to Count II of the Complaint, but he objects to the Magistrate Judge's conclusion that he met only one of three definitions of "disabled" under the ADA. *Pl.'s Objs.* at 1.

The Court has reviewed and considered the Magistrate Judge's Recommended Decision together with the entire record,[3] and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court affirms the Magistrate Judge's Recommended Decision over the objections of Hartt and Mr. Brown and denies Hartt's Motion for Summary Judgment on all claims except the claim arising under the Rehabilitation Act.

## II. DISCUSSION

### A. The Recommended Decision

---

[2] Hartt concluded by stating that "[i]n light of the foregoing a *de novo* review of the record as it pertains to Defendant's motion for summary judgment on Counts V and VII is justified." *Def.'s Objs.* at 8. The Court concludes Hartt is not objecting to the portion of the Recommended Decision that recommended that its motion for summary judgment should be denied as to Counts I, II, IV and VI.

[3] The Court has not reiterated the details of the case which are fully set forth in the Magistrate Judge's Recommended Decision. *Rec. Dec.* at 2-22.

Because there is no direct evidence in this case of discriminatory or retaliatory animus, the Magistrate Judge analyzed Mr. Brown's FMLA and MFMLR claims under the familiar burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Rec. Dec.* at 27. As for the first step of this analysis, the Magistrate Judge concluded that Mr. Brown demonstrated a prima facie case—that is, Mr. Brown took a qualifying leave, he was adversely affected by Hartt's reassignment[4] and termination, and there was a causal connection between Mr. Brown's medical leave and his reassignment and termination. *Id*. at 27-28. The Magistrate Judge then concluded that "Hartt satisfies its burden of articulating legitimate explanations for the various adverse actions it imposed on Mr. Brown." *Id*. at 28. Hartt objects to neither determination.

As for the final step, the Magistrate Judge concluded that Mr. Brown raised a genuine issue of material fact as to whether Hartt's justifications for his reassignment and termination were a pretext for discriminatory or retaliatory animus. *Id*. at 29-30. Important to this determination is "a very strong temporal proximity." Also, at the same time Hartt was planning to reassign Mr. Brown "the evidence would permit findings that Mr. Castonguay spoke positively of company profitability with Brown." *Id*. at 29. Further, "no significant performance issues were raised with Brown at that time or previously," and Mr. Michaud had not complained about unfair workloads earlier. *Id*. An inference can also be made that Mr. Brown's work reassignment was unreasonable and that the changes in Mr.

---

[4] The Magistrate Judge determined that, viewing the facts in the light most favorable to Mr. Brown, his reassignment was a demotion. *Rec. Dec.* at 15-16.

4

Brown's work conditions were "not merely the inevitable realignment of personnel to maximize workplace efficiencies or to recognize the relative merit of Brown and Michaud," but were retaliatory and discriminatory. *Id.* at 30. Finally, "Mr. Castonguay's and Mr. Hartt's refusal to talk with Mr. Brown upon his return[,] . . . the exclusion of Mr. Brown from lunch outings[,]" and Mr. Castonguay's failure to explain Mr. Brown's demotion in terms of Mr. Brown's alleged performance issues "further call[] into question [Hartt's] stated justification." *Id.*

The Magistrate Judge concluded that

> [i]n combination, these several items of circumstantial evidence are sufficient to permit the finder of fact to reject Hartt's justifications and to conclude that Brown's standing at Hartt fell precipitously following his heart attack precisely because of his medical condition and/or exercise of FMLA rights and that he was set up to fail upon his return, in very short order, for the same reason.

*Id.*

### B. Hartt's Objections

Hartt's objections center on the third part of the *McDonnell Douglas* burden-shifting framework, and the Magistrate Judge's reliance on circumstantial evidence to conclude that there is a genuine issue of material fact as to whether Hartt's stated reasons for Mr. Brown's reassignment and termination were a pretext for discrimination and retaliation. *Def.'s Objs.* at 2; *Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 335 (1st Cir. 2005) (explaining that if employer provides legitimate reason for termination, "the plaintiff retains the ultimate burden of showing that the employer's stated reason for terminating him"

was merely pretext for retaliating against him for taking FMLA leave); *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 160 (1st Cir. 1998).

### 1. Objection Number 1: Analysis of the Demotion and Termination Decisions

First, Hartt argues that the Magistrate Judge made "no real effort" to analyze "the demotion issue separately from Mr. Brown's termination." *Id*. Each decision by the Hartt "involved a completely different set of relevant facts," and Hartt objects to the Magistrate Judge's "lumping an analysis of both events together." *Id*. Analyzing the demotion and termination issues together "made it possible for the Magistrate Judge to largely ignore unrebutted evidence of Mr. Hartt's perceptions about Mr. Brown's weak managerial skills prior to his leave and desultory performance in the three weeks immediately after his return from leave." *Id*. (footnote omitted).

Hartt's objection, however, minimizes the importance of temporal proximity in retaliation cases. The First Circuit has held that for claims under FMLA and Title VII alike, "[a] showing of discharge soon after the employee engages in an activity specifically protected by [statute] is indirect proof of a causal connection between the firing and the activity because it is strongly suggestive of retaliation." *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 110 (1st Cir. 1988).[5] The parties do not dispute that the adverse employment actions of reassignment and termination occurred only a few weeks after Mr. Brown engaged in the protected activity of taking medical leave. That alone may be sufficient to demonstrate a retaliatory

---

[5] *See Hodgens*, 144 F.3d at 160 (FMLA and Title VII retaliation claims are subject to the same analysis).

6

motive. *See Hodgens*, 144 F.3d at 167-168 (recognizing that "protected conduct closely followed by adverse action may justify an inference of retaliatory motive") (citation omitted).

But Mr. Brown presents more. Mr. Brown says that before his medical leave there were virtually no complaints about his work performance and he daily interacted with his colleagues. *Def.'s SMF* ¶ 62; *PRDSMF* ¶¶ 62, 91, 96; *Pl.'s ASMF* ¶¶ 11, 107. Upon his return, Mr. Brown was relegated to a historically unsuccessful division within Hartt, and Hartt imposed unreasonable expectations. *Def.'s SMF* ¶ 93; *PRDSMF* ¶ 93; *Pl.'s ASMF* ¶¶ 81-89. His communication with colleagues dramatically decreased; further, his supervisors failed to immediately notify him of the reassignment or to explain it consistently to him. *Def.'s SMF* ¶ 62; *PRDSMF* ¶¶ 62, 91, 96; *Pl.'s ASMF* ¶¶ 44, 55, 57. This evidence may be considered when determining whether the employer's explanation is pretextual. *Hodgens*, 144 F.3d at 161 (stating that "the evidence and inferences that properly can be drawn from the evidence presented during the employee's prima facie case may be considered in determining whether the employer's explanation is pretextual").

Finally, since the employer's intent is at issue, the trier of fact should assess whether the evidence supports the employer's stated reason for the employment action or the employee's allegation of pretext. *Rossy v. Roche Products, Inc.*, 880 F.2d 621, 626 (1st Cir. 1989) (stating that "[a]ll of Roche's explanations may in fact be accurate, but they must be decided after trial, especially in cases such as this where Roche's intent is the central issue"). Mr. Brown has generated a trial-worthy

7

issue as to whether Hartt's explanations for Mr. Brown's reassignment and termination were pretexts for discrimination and retaliation.

### 2. Objection Number 2: Interpretation of Facts

Second, Hartt objects to the Magistrate Judge's interpretation of three key circumstantial facts from which she derived the inference of retaliation and discriminatory motive: (1) Mr. Brown's reassignment to the flatbed division; (2) the changed relationship between Mr. Brown and his supervisors; and (3) Mr. Castonguay's conversation with Mr. Brown on January 15. *Def.'s Objs.* at 2-3. Hartt argues that "[n]o . . . inference [of a retaliatory and discriminatory motive] can reasonably be derived from any of these facts, regardless whether they are considered separately or viewed together." *Id.* at 2.

The answer in brief is "it is elementary that at summary judgment a court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of the same." *Chadwick v. WellPoint, Inc.*, 561 F.3d 38, 40 (1st Cir. 2009); *P.R. Elec. Power Auth. v. Action Refund*, 515 F.3d 57, 62 (1st Cir. 2008). If such facts and inferences could support a favorable verdict for the nonmoving party, then there is a trial-worthy controversy and summary judgment must be denied. *Azimi v. Jordan's Meats, Inc.*, 456 F.3d 228, 241 (1st Cir. 2006).

Although Mr. Brown's relegation to Hartt's flatbed business and work assignments may support Hartt's proposition that the "re-assignment decision for Mr. Brown was logical, considering the . . . respective strengths and skills attributed to Mr. Brown and Mr. Michaud" and in response to Mr. Brown's poor

8

work performance, the evidence also supports at least as strong an inference that Hartt had "set up [Mr. Brown] to fail upon his return" by reassigning him and imposing unrealistic expectations. *Def.'s Objs.* at 5; *Rec. Dec.* at 30. Also, although the decrease in communication between Mr. Brown and his former colleagues may have been Mr. Brown's fault and a legitimate attempt by Hartt to reinforce Mr. Michaud's new supervisory role, a reasonable jury could find that the treatment of Mr. Brown by his colleagues and the differences in the management style of the Sales Department before and after his medical leave support an inference that Mr. Brown's "standing at Hartt fell precipitously following his heart attack precisely because of his medical condition and/or exercise of FMLA rights." *Def.'s Objs.* at 6; *Rec. Dec.* at 30. Finally, Hartt's contention that Mr. Castonguay's conversation with Mr. Brown on January 15 does not support an inference of pretext because "no evidence of animus is found in Mr. Castonguay's sworn deposition testimony on what he said to Mr. Brown" is a nonstarter because the *McDonnell Douglas* burden shifting analysis would not be necessary if direct evidence, rather than mere inferences, of animus was available. *Def.'s Objs.* at 6; *Hodgens*, 144 F.3d at 160-161.

When the facts are viewed in the light most favorable to Mr. Brown, there is a genuine issue of fact as to whether Mr. Brown's reassignment was an effort by Hartt to turn around a struggling division or a decision motivated by discriminatory and retaliatory animus. When the "undisputed facts require a choice between competing inferences, and . . . both inferences are plausible, the choice cannot be

9

made under the banner of summary judgment." *In re Varrasso*, 37 F.3d 760, 764 (1st Cir. 1994). Hartt's objections are overruled.

### C. Mr. Brown's Objection

In its Motion for Summary Judgment, Hartt argues that the fact that Mr. Brown was cleared to return to work without restriction suggests that Mr. Brown did not suffer from a substantial impairment, and thus had not satisfied the first element of his prima facie case of disability. *Id*. at 16-18. The Magistrate Judge disagreed and determined that Mr. Brown demonstrated that he was regarded as having an impairment that substantially limits one or more major life activities, and had satisfied the first element of his prima facie case. *Rec. Dec.* at 32, 37. Mr. Brown does not object to this finding, but objects to the Magistrate Judge's determination that he failed to demonstrate a physical or mental impairment that substantially limits one or more major life activity or a record of such an impairment. *Pl.'s Objs*. at 1-4; *Rec. Dec.* at 37-38.

The Court overrules Mr. Brown's objection. The Magistrate Judge's order does not prevent Mr. Brown from arguing at trial that he was "actually disabled" or had a "record of" a disability to satisfy his prima facie case.

### III. CONCLUSION

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 50) is hereby AFFIRMED. The Defendant's Motion for Summary Judgment (Docket # 22) is GRANTED as to Count II arising under the Rehabilitation Act and DENIED as to all other counts.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2010